The STATE of Utah, Plaintiff
and Respondent,

v.

Robert Lee HEGELMAN, Defendant
and Appellant.

No. 20234.

Supreme Court of Utah.

April 25, 1986.

David S. Biggs, Salt Lake City, for defendant and appellant.

David L. Wilkinson, Atty. Gen., Sandra L. Sjogren, Salt Lake City, for plaintiff and respondent.

HOWE, Justice:

Defendant Robert Lee Hegelman appeals from his nonjury convictions of aggravated burglary, a first degree felony, in violation of U.C.A., 1953, § 76-6-203, and two counts of aggravated sexual assault, a first

degree felony, in violation of section 76–5–405. He assails the trial court's admission of his confession into evidence.

An intruder broke into the victim's house, raped and sodomized her, and took money from her purse and a drawer before fleeing. Because of a distinguishing tattoo on his hand and his crooked teeth, the victim was able to identify her assailant as a juvenile who lived in the neighborhood and who had helped her husband paint the house two weeks earlier. Two days after the burglary and assault, Officer Edwards, armed with a court order to obtain defendant's fingerprints, apprehended defendant and took him to the police station. While at the police station, defendant made incriminating statements to another police officer.

Defendant was certified to be tried as an adult. At trial, he objected to the admission of the incriminating statements, claiming that he had not waived his *Miranda* rights and that the statements were a product of physical coercion. The trial judge took evidence on the issue and ruled that the statements were admissible. We present the facts on that issue in the light most favorable to that ruling.

After defendant's fingerprints were taken and after Officer Edwards learned that they matched those taken at the victim's home, Edwards informed defendant of his *Miranda* rights. Edwards asked him if he understood his rights. When defendant replied that he understood them, Edwards told him that he was under arrest for the "assault and robbery" at the victim's home. Defendant arrogantly erupted with vulgar and abusive language that angered Edwards. Edwards stood up from his desk, grabbed defendant, who was standing near the desk, by the lapels, moved him sideways against a nearby filing cabinet, and called him a rapist. Officer Scott, who was at another desk, intervened and took defendant into another room. Once inside the other room, Scott told defendant that they had evidence to prove his guilt and that it would be to his advantage to be honest and to discuss what had happened.

Defendant was silent for a moment, broke down and cried for a minute, composed himself, and then confessed to the crimes.

 Defendant contends that because neither Edwards nor Scott asked him if he waived his *Miranda* rights, he did not effectively waive them. Not so. A suspect must affirmatively *invoke* his right to silence, *United States v. Rice*, 652 F.2d 521 (5th Cir.1981); *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and a waiver of those rights may be inferred from his acknowledgement of his understanding of his rights and his subsequent course of conduct. *North Carolina v. Butler*, 441 U.S. 369, 99 S.Ct. 1755, 60 L.Ed.2d 286 (1979). It is not required that the waiver be express. We look at the totality of the circumstances to determine if a suspect has made a valid waiver, even in cases such as this where the suspect is a juvenile. *Fare v. Michael C.*, 442 U.S. 707, 99 S.Ct. 2560, 61 L.Ed.2d 197 (1979); *State v. Hunt*, Utah, 607 P.2d 297 (1980). We will reverse the trial court's finding of a valid waiver only if that finding is clearly in error or the court has abused its discretion. *State v. Meinhart*, Utah, 617 P.2d 355 (1980). Although defendant was a juvenile at the time of his confession, he was only two and one-half months short of his eighteenth birthday. He had been involved in the juvenile court system for five years, during which time he had spoken to police officers, probation officers, and judges on numerous occasions. *Cf. State v. Hunt*, 607 P.2d at 301 (court found waiver by juvenile with similar history). He demonstrated no signs of fear either before or after the altercation with Officer Edwards. It was only after defendant was taken into a different room and Officer Scott told him of the evidence against him that he started making incriminating statements. We hold that the court's finding that defendant had waived his *Miranda* rights is supported by competent evidence.

 Defendant also contends that since his confession followed the scuffle with Officer Edwards, the confession is rendered involuntary and his conviction

must be reversed. That result does not necessarily follow. Again, we look at the totality of the circumstances to determine if a confession is voluntary. *Schneckloth v. Bustamonte,* 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973); *State v. Moore,* Utah, 697 P.2d 233 (1985). Evidence sufficient to support a finding that a confession is involuntary must reveal some physical or psychological force or manipulation that is designed to induce the accused to talk when he otherwise would not have done so. *Moore,* at 237. Edwards' action was clearly improper; however, he was not attempting to coerce a confession when he grabbed defendant and called him a rapist. Rather, Edwards' action was the product of anger caused by defendant's vulgar and abusive language. His action was not predesigned as a method to obtain a confession, but was only a spontaneous reaction. Defendant exhibited no fear after the incident, which is some indication that Edwards' action had no effect on his will. Defendant was aware that Edwards' action was a result of his vulgar name-calling. The confession came only after defendant had been removed to another room with a different officer, who exhibited no hostility toward him, but who appealed to his reason. There is nothing to suggest that defendant feared that Scott would do him harm if he did not give a confession. At the hearing on defendant's motion to suppress his confession, defendant in his testimony made no claim that he confessed because of any fear or coercion. Instead, he asserted that he confessed because Officer Scott promised him that if he did so, he would not be charged with rape, but only with aggravated burglary, and he would be committed to a juvenile facility. However, defendant now raises no objection to the confession on this ground.

Viewing the totality of the circumstances in the light most favorable to the trial court's ruling, we hold that the court committed no error in admitting the confession into evidence.

Affirmed.

HALL, C.J., and DURHAM and ZIMMERMAN, JJ., concur.

STEWART, J., concurs in the result.