## State of Vermont v. Mark B. Mumley

[571 A.2d 44]

No. 87-234

Present: **Allen, C.J., Peck, Gibson, Dooley and Morse, JJ.**

Opinion Filed October 27, 1989

Motion for Reargument Denied November 15, 1989

Renewed Motion for Reargument Denied December 8, 1989

Motion for Stay of Mandate Denied December 22, 1989

*Howard VanBenthuysen,* Franklin County State's Attorney, St. Albans, and *Gary S. Kessler* and *Jo-Ann Gross,* Law Clerk (On the Brief), Department of State's Attorneys, Montpelier, for Plaintiff-Appellee.

*Michael Rose,* St. Albans, for Defendant-Appellant.

**Morse, J.** The sole issue in this appeal from a DUI conviction is whether defendant adequately waived his right to testify. We believe that he did, and accordingly affirm.

At the close of the State's evidence, defense counsel informed the court, out of defendant's presence, that the defense would present no evidence to the jury. The court thereupon discussed the jury charge, noting: "I still have to ask the defendant whether he wants me to make any particular comment about the fact that he has not testified." Counsel explained the options to the defendant. The following colloquy then took place:

| | |
|---|---|
| The Court: | Mr. Mumley? |
| Defendant's Counsel: | We would request that no comment be made further than what the court has said about the defense not having [an obligation to put on evidence]. |
| The Court: | Is that the way you want it, Mr. Mumley? |
| Mr. Mumley: | Yes. |

■■ Criminal defendants have a fundamental right to testify in their own defense, under both the federal and state constitutions. *State v. Brunelle*, 148 Vt. 347, 351–52, 534 A.2d 198, 202 (1987). That right may be waived, however. Here, the record is sufficient to support the conclusion that defendant waived his right to testify. "[W]here . . . defendant has acquiesced in the competent advice of his attorney not to take the stand, and has failed to assert his right at or before the trial, he is deemed to have waived it." *In re Mecier*, 143 Vt. 23, 28, 460 A.2d 472, 475 (1983). While the decision is ultimately for the defendant to make, he must not wait until after the trial is concluded to assert that right. *Id.*

■ Defendant moved for a new trial after his conviction. At the hearing on the motion, it was revealed that defendant told his attorney, during the charge conference, that he wished to testify. She explained her view that this would not be in his best interests. Defendant never indicated to the court, however, that he wanted to testify, despite the opportunity to do so, nor did he indicate he was having a conflict with his counsel. The colloquy

with the court quoted above discloses a willing acquiescence in his counsel's advice to stay off the stand. While it would have been better practice to discuss the decision not to testify in the defendant's presence, on this record the trial court did not err in concluding that defendant had waived his right to testify. Defendant's desire to testify, expressed to counsel but not to the court, was insufficient by itself to nullify his waiver.

Unlike cases involving the right to counsel, see, e.g., *State v. Quintin*, 143 Vt. 40, 460 A.2d 458 (1983), the trial court need not ascertain on the record that a defendant has knowingly and intelligently waived his right to testify. In right-to-counsel cases, the court is obligated to make special efforts to determine the validity of the defendant's waiver precisely because the defendant has no counsel. *Quintin* reversed a conviction because there was "no evidence that [the defendant] was warned of the dangers and pitfalls that confront a lay person in defending himself in a criminal trial." *Id.* at 44, 460 A.2d at 461. Where the defendant *has* competent counsel, the court need be less solicitous; counsel herself may be expected to advise the defendant of the benefits and drawbacks of various trial strategies. See *State v. Albright*, 96 Wis. 2d 122, 133–34, 291 N.W.2d 487, 492, *cert. denied*, 449 U.S. 957 (1980).

*Affirmed.*