**STATE of Utah, Plaintiff and Appellee,**

v.

**Ronnie S. BROOKS, Defendant and Appellant.**

**No. 900540–CA.**

Court of Appeals of Utah.

May 12, 1992.

Kenneth R. Brown, Salt Lake City, for defendant and appellant.

R. Paul Van Dam and Judith S.H. Atherton, Salt Lake City, for plaintiff and appellee.

Before BENCH, GREENWOOD, and ORME, JJ.

## OPINION

GREENWOOD, Judge:

Defendant Ronnie S. Brooks appeals from a conviction of aggravated sexual assault and aggravated burglary, first degree felonies. We affirm defendant's conviction on both counts.

## BACKGROUND

After a jury trial, defendant was convicted of aggravated sexual assault, a first degree felony, in violation of Utah Code Ann. § 76–5–405 (1990) and aggravated burglary, a first degree felony, in violation of Utah Code Ann. § 76–6–203 (1990). Defendant did not testify at trial, nor did he make the court aware of his alleged desire to testify. After a post-trial evidentiary hearing, the trial court found that defendant, concurring with the advice of trial counsel, chose not to testify, and therefore validly waived his right to do so. Defendant now appeals, claiming that notwithstanding the trial court's finding, his right to testify was violated. Additionally, defendant asserts that the jury was improperly instructed regarding reasonable doubt.

## STANDARDS OF REVIEW

■ When reviewing the validity of a waiver of a constitutional right, such as the right to testify, Utah appellate courts will reverse the underlying factual finding of the trial court only if it is clearly erroneous or if the trial court has abused its discretion. *State v. Hegelman,* 717 P.2d 1348, 1349 (Utah 1986). *See also State v. Ramirez,* 817 P.2d 774, 781 n. 3 (Utah 1991).

■ Determining the propriety of a jury instruction presents a question of law. *State v. Gonzalez,* 822 P.2d 1214, 1217 (Utah App.1991); *Carpet Barn v. State,* 786 P.2d 770, 775 (Utah App.1990). Utah appellate courts review legal conclusions

under a correction-of-error standard, granting no particular deference to the trial court. *Gonzalez,* 822 P.2d at 1217; *Carpet Barn,* 786 P.2d at 775.

## ANALYSIS

*Violation of Defendant's Right to Testify*

 The right of criminal defendants to testify and present their version of events in their own words is fundamental. *Rock v. Arkansas,* 483 U.S. 44, 52, 107 S.Ct. 2704, 2709, 97 L.Ed.2d 37 (1987). This fundamental right is guaranteed by both the United States Constitution[1] and the Utah Constitution.[2] The defendant retains ultimate authority in deciding whether or not to testify. *Jones v. Barnes,* 463 U.S. 745, 751, 103 S.Ct. 3308, 3312, 77 L.Ed.2d 987 (1983). Generally, waiver of a fundamental right must be knowing, intelligent and voluntary. *Johnson v. Zerbst,* 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938).

 The trial court made a factual determination that defendant concurred with counsel in deciding not to testify, and thereby validly waived his right to do so. Defendant contends, however, that his right to testify could not be waived absent a mandatory determination by the court, through an on-the-record discussion with defendant during the course of the trial, that defendant knowingly and voluntarily waived his right to testify. We disagree.

Defendant relies on *People v. Curtis,* 681 P.2d 504 (Colo.1984) and *Boyd v. United States,* 586 A.2d 670 (D.C.App.1991) for the proposition that trial courts are required to sua sponte engage in on-the-record colloquies with defendants to ensure that waivers are knowing and voluntary. *Curtis* held that the trial court must conduct an on-the-record discussion to determine whether a defendant has knowingly and intelligently waived his right to testify, but the court expressly refused to disturb the trial court's post-trial finding of a valid waiver after an evidentiary hearing. The court stated, "[W]here the trial court ... makes the findings necessary to establish effective waiver, and there is evidence to support th[ose] findings, they will not be disturbed on review." *Curtis,* 681 P.2d at 515 (citations omitted). The court did, however, impose a prospective requirement on the Colorado trial courts, that such findings be made at trial. The court reasoned that "[b]y placing the elements of intelligent and competent waiver on the record at the time of trial, the trial court can accurately determine whether waiver was indeed intelligent and competent, and that determination will be readily reviewable on appeal." *Id.* at 516.

In *Boyd,* the court recognized that some jurisdictions require the trial court to conduct an on-the-record inquiry with a defendant who waives the right to testify. However, *Boyd* did not impose such a require-

---

1. The United States Constitution provides:

 In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of counsel for his defense.

 U.S. Const. amend. VI. The due process clause of the Fourteenth Amendment and the Fifth Amendment's privilege against self-incrimination also give rise to the right to testify on one's own behalf. *Rock,* 483 U.S. at 51–52, 107 S.Ct. at 2708–10.

2. The Utah Constitution provides:

 In criminal prosecutions the accused shall have the right to appear and defend in person and by counsel, to demand the nature and cause of the accusation against him, to have a copy thereof, *to testify in his own behalf,* to be confronted by the witnesses against him, to have compulsory process to compel the attendance of witnesses in his own behalf, to have a speedy public trial by an impartial jury of the county or district in which the offense is alleged to have been committed, and the right to appeal in all cases.

 Utah Const. art. I, § 12 (emphasis added).

 Defendant advances arguments under both the state and federal constitutions, and cites *State v. Larocco,* 794 P.2d 460 (Utah 1990) as authority for separate construction of the Utah Constitution. Defendant, however, offers no persuasive reason for varying from the majority position under the federal counterparts. We do not, therefore, provide a separate analysis.

ment. *Boyd,* 586 A.2d at 678. The court stated that the trial court has a duty of inquiry only once it becomes aware that the defendant may have wanted to testify. *Id.* at 677. In *Boyd,* the court ordered a hearing on remand, because the record was equivocal as to the defendant's waiver. The court suggested that trial courts may choose to adopt a procedure to make a record, during trial, of waivers of the right to testify, but did not impose such a requirement. *Id.* at 679. The court reasoned that such a procedure would reduce retrials, appeals, or collateral attacks. *Id.*

Other cases have held that the trial court is under no duty sua sponte to engage in an on-the-record discussion to determine whether a defendant's waiver of the right to testify is knowing and voluntary. *See United States v. McMeans,* 927 F.2d 162, 163 (4th Cir.1991) (per curiam); *United States v. Martinez,* 883 F.2d 750, 757 (9th Cir.1989), *vacated on other grounds,* 928 F.2d 1470 (9th Cir.), *cert. denied,* — U.S. ——, 111 S.Ct. 2886, 115 L.Ed.2d 1052 (1991); *United States v. Janoe,* 720 F.2d 1156, 1161 (10th Cir.1983), *cert. denied,* 465 U.S. 1036, 104 S.Ct. 1310, 79 L.Ed.2d 707 (1984). The *Martinez* opinion noted that the majority of federal circuit courts and state courts considering the question have held that there is no sua sponte duty to advise a defendant of his or her right to testify or to obtain a knowing and intelligent waiver on the record. *Martinez,* 883 F.2d at 760. Several reasons support this holding:

> First, the right to testify is seen as the kind of right that must be asserted in order to be recognized.... Second, it is important that the decision to testify be made at the time of trial and that the failure to testify not be raised as an afterthought after conviction.... Third, by advising the defendant of his right *to* testify, the court could influence the defendant to waive his right *not to* testify.... Fourth, a court so advising a defendant might improperly intrude on the attorney-client relation, protected by the Sixth Amendment.... Fifth, there is danger that the judge's admonition would introduce error into the trial....

Sixth, it is hard to say when a judge should appropriately advise the defendant—the judge does not know the defendant is not testifying until the moment the defense rests, not an opportune moment to conduct a colloquy.... Seventh, the judge should not interfere with defense strategy.

*Id.* (emphasis in original) (citations omitted).

We find these rationales persuasive, and accordingly, decline to adopt defendant's argument. We hold that the trial court bears no affirmative duty sua sponte to engage in an on-the-record colloquy with defendant at the time of trial to ensure a valid waiver of the right to testify. In this case, the record supports the trial court's determination that defendant's waiver was knowing and voluntary. We find no abuse of discretion in that determination, nor error in the conclusion that the waiver was therefore valid.

### Reasonable Doubt Jury Instruction

■ Defendant claims the court submitted an improper reasonable doubt instruction to the jury. Defendant relies on *Cage v. Louisiana,* 498 U.S. 39, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990) (per curiam), *cert. denied,* — U.S. ——, 112 S.Ct. 211, 116 L.Ed.2d 170 (1991). *Cage* rejected a reasonable doubt instruction that equated "reasonable doubt" with "a 'grave uncertainty' and an 'actual and substantial doubt,' and stated that what was required was a 'moral certainty' that the defendant was guilty." *Cage,* 111 S.Ct. at 329–30. The Supreme Court held that such language was improper because "a reasonable juror could have interpreted the instruction to allow a finding of guilt based on a degree of proof below that required by the Due Process Clause." *Id.* at 330.

Challenges to jury instructions based on *Cage* have been rejected by this court. *See State v. Gonzalez,* 822 P.2d 1214, 1217–18 (Utah App.1991); *State v. Haston,* 811 P.2d 929, 932 n. 2 (Utah App.1991), *cert. granted* (Utah 1992). As in *Gonzalez* and *Haston,* the reasonable doubt instruction in this case did not contain any of the lan-

guage deemed inappropriate in *Cage*. To the contrary, the identical language of the instruction at issue[3] was previously approved in its entirety by this court in *State v. Pedersen*, 802 P.2d 1328, 1332 (Utah App.1990), *cert. denied*, 815 P.2d 241 (Utah 1991). In *Pedersen*, we determined the instruction to be "an accurate definition of the burden-of-proof placed upon the State." *Id.* Accordingly, we reject defendant's claim that the reasonable doubt instruction was improper.

## CONCLUSION

In sum, the trial court was under no duty to conduct an on-the-record inquiry at the time of trial as to whether defendant validly waived his right to testify. Based on the evidence, the trial court committed no error in finding that defendant validly waived his fundamental right to testify.

As for the propriety of the trial court's jury instruction regarding reasonable doubt, defendant's argument is without merit. The instruction given comports with the requirements discussed in *State v. Pedersen*, 802 P.2d 1328 (Utah App.1990), *cert. denied*, 815 P.2d 241 (Utah 1991) and does not violate *Cage v. Louisiana*, 498 U.S. 39, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990) (per curiam), *cert. denied*, —— U.S. ——, 112 S.Ct. 211, 116 L.Ed.2d 170 (1991).

Defendant's conviction is affirmed on both counts.

BENCH and ORME, JJ., concur.

**3.** Brooks complains of Instruction No. 13. The instruction reads:

All presumptions of law, independent of evidence, are in favor of innocence, and a defendant is presumed innocent until he is proved guilty beyond a reasonable doubt. And in case of a reasonable doubt as to whether his guilt is satisfactorily shown, he is entitled to an acquittal.

I have heretofore told you that the burden is upon the State to prove the defendant guilty beyond a reasonable doubt. Proof beyond a reasonable doubt does not require proof to an absolute certainty. Now by reasonable doubt is meant a doubt that is based on reason and one which is reasonable in view of all the evidence. It must be a reasonable doubt and not a doubt which is merely fanciful or imaginary or based on a wholly speculative possibility. Proof beyond a reasonable doubt is that degree of proof which satisfies the mind, convinces the understanding of those who are bound to act conscientiously upon it and obviates all reasonable doubt. A reasonable doubt is a doubt which reasonable men and women would entertain, and it must arise from the evidence or the lack of the evidence in this case.