In Re: Scribner, No. S0841-00 CnC (Katz, J., July 15, 2004)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT
Chittenden County, ss.:

IN RE SCRIBNER

ENTRY

Petitioner seeks post conviction relief based on the trial judge's failure to ascertain whether petitioner knowingly, intelligently, and voluntarily waived his right to testify. Petitioner argues that the right to testify in one's own defense is a fundamental right and should have the same procedural safeguards that accompany similar waivers of fundamental rights, such as pleading guilty, accepting a plea bargain, or waiving the

right of counsel. To support this position, petitioner cites to case law from jurisdictions that have required courts to question a defendant who does not testify. In response, the State points to Vermont law distinguishing the right to testify from other, more fundamental rights. State v. Mumley, 153 Vt. 304, 306 (1989). Under this standard, the State argues that the court's failure to sua sponte examine petitioner's waiver does not, without further evidence, constitute fundamental error. We agree.

Petitioner was convicted of attempted second degree murder by a jury. During the trial, he did not testify. Petitioner was represented by counsel throughout his trial and has presented no evidence that his counsel refused to put him on the stand or refused to acknowledge his desire to testify. While he was not asked by the judge about his decision not to testify, he also made no signal to the court that he wished to testify, that there was any kind of conflict between him and his attorney, or another sign that might have triggered the Judge's attention as to the voluntary nature of his waiver.

Under Vermont law, a court has no duty to ascertain whether a defendant's waiver of the right to testify is voluntary. Mumley, 153 Vt. at 306. This is in concordance with a majority of jurisdictions that have addressed the issue. See, e.g., United States v. Systems Architects, Inc., 757 F.2d 373, (1st Cir. 1985); United States v. Pennycooke, 65 F.3d 9 (3d Cir. 1995); United States v. Campione, 942 F.2d 429 (7th Cir. 1991); Liegakos v. Cooke, 106 F.3d 1381 (7th Cir. 1997); United States v. Martinez, 883 F.2d 750 (9th Cir. 1989), opinion vacated on other grounds, 928 F.2d 1470 (9th Cir. 1991); United States v. Teague, 953 F.2d 1525 (11th Cir. 1992); Porter v. Singletary, 883 F. Supp. 660 (M.D. Fla. 1995); Hutcherson v. State, 677 So. 2d 1174 (Ala. Crim. App. 1994); State v. Paradise, 213 Conn. 388, 567 A.2d 1221 (Conn.1990); Burton v. State, 438

S.E.2d 83 (Ga. 1994); <u>State v. Fields</u>, 908 P.2d 1211 (Idaho 1995); <u>People v. Shelton</u>, 624 N.E.2d 1205 (Ill. 1st Dist. 1993); <u>Schertz v. State</u>, 380 N.W.2d 404 (Iowa 1985); <u>Commonwealth v. Hennessey</u>, 502 N.E.2d 943 (Mass. App. Ct. 1987); <u>People v. Simmons</u>, 364 N.W.2d 783 (Mich. 1985); <u>State v. Hamm</u>, 818 P.2d 830 (Mont. 1991); <u>Wilcox v. Leapley</u>, 488 N.W. 2d 654 (S.D. 1992); <u>Momon v. State</u>, 1997 WL 772903 (Tenn. Crim. App. 1997); <u>State v. Brooks</u>, 833 P.2d 362 (Utah Ct. App. 1992); <u>State v. Thomas</u>, 910 P.2d 475 (Wash. 1996); <u>State v. Albright</u>, 291 N.W.2d 487 (Wis. 1980).  While none of the jurisdictions have disputed the important, if not fundamental, nature of the right to testify, they have relegated it to a lesser status by withholding a duty of a court inquiry anytime it is waived. Some courts have merely refused to acknowledge or assign trial judges this duty.  See, e.g., <u>State v. Jones</u>, 584 S.E.2d 751 (N.C. 2003). Others have justified their decision by noting that the decision to testify is fundamentally a choice about trial strategy and involves trial counsel to a far deeper level than other rights.  Thus a judge's inquiry may unduly influence the defendant and his trial strategy, leading to confusion and unnecessary delays.  See, e.g.,  <u>Brooks</u>, 833 P.2d 362.  It would also by necessity come at an inappropriate time in the trial.  Since the right to testify is not asserted until after the state has rested its case and before the defense rests, the colloquy urged by petitioner must necessarily come at this time.  Courts have found this timing to create the potential for far more serious problems because the judge would effectively be questioning the defense counsel's trial strategy at a critical point in the trial, leading to more serious procedural problems.  See, e.g., <u>Hennessey</u>, 502 N.E.2d 943.

Due to its dual nature as both a fundamental right and part of trial strategy, the majority of courts have put the burden of enforcement and explanation on defense counsel.  See <u>Mumley</u>, 153 Vt. at 306.  As an officer of the court, it is the defense counsel's duty to explain to the

defendant that he has the right to testify or not testify in his own behalf. His failure to do so would then be, at least in part, an ineffective assistance of counsel.  Thus, most courts that have moved away from the majority rule have done so for situations where there is evidence of a breakdown in the attorney-client relationship. Courts are most likely to intervene where it has some evidence that counsel is exerting undue influence over defendant or ignoring him entirely.  See, e.g.,  Brennan v. Vose, 1998 WL 306801 (R.I. Super. Ct. 1998).  Naturally, this analysis is further complicated where petitioner has no counsel.  Here, however,  petitioner has presented no evidence that his attorney refused to call him to testify or strong-armed him in some manner to remain silent during trial.  Without affirmative evidence of some serious violation by counsel, we have no reason to presume that petitioner's waiver was anything other than knowing and intelligent.  In re Dunbar, 162 Vt. 209, 211–12 (1994).  While hindsight may have peppered petitioner's decision with regret, that is beyond our review.  See Perrero v. State, 990 S.W.2d 896, 898 (Tex. App. 1999) (quoting  Beck v. State, 976 S.W.2d 265, 268 (Tex. App. 1998)).

A few remaining courts, most notably Alaska and Colorado, have embraced the right to testify as a fundamental right on par with the right to counsel and therefore worthy of judicial colloquy.  LaVigne v. State, 812 P.2d 217 (Alaska 1991).  By shifting the burden of informing the defendant about his right to testify from counsel to the judge, these jurisdictions remain in the minority.  Their reasoning, based in part on considerations of state constitution, Tachibana v. State, 900 P.2d 1293 (Haw. 1995), ultimately rest on a higher valuation of the right to testify.  People v. Curtis, 681 P.2d 504 (Colo. 1984).  Vermont, like most jurisdictions, has rejected this reasoning as an unnecessary burden on trial judges.  Without further reasoning or evidence as to why this should change, we see no reason to distinguish Mumley or deviate from applying it to petitioner's situation.

Based on the foregoing, the State of Vermont's motion for Summary Judgment is granted. Petitioner's petition is dismissed.

Dated at Burlington, Vermont_____, 2004.

_____
Judge