# State of Vermont v. Dennis Hartman

[349 A.2d 223]

No. 109-75

Present: Barney, C.J., Smith, Daley, Larrow and Billings, JJ.

Opinion Filed December 2, 1975

*Robert W. Gagnon,* Washington County State's Attorney, and *Gregory W. McNaughton,* Deputy State's Attorney, Montpelier, for State.

*Robert Edward West,* Defender General, and *Robert M. Paolini,* Deputy Defender General, Montpelier, for Defendant.

**Billings, J.** Dennis Hartman was arrested on September 1, 1974, for disorderly conduct which resulted in a scuffle with

two Montpelier, Vermont, police officers. On September 6, 1974, the defendant was advised that he was charged with assaulting an officer, although the citation issued alleged only disorderly conduct, yet the arresting officers' affidavit and bail statement accused the defendant of disorderly conduct and assaulting a police officer. The information of the State's Attorney filed with the trial court attempted to charge a violation of 13 V.S.A. § 1028, commonly known as the "bop the cop" statute, although the information failed to allege that the officer was "performing a lawful duty". The defendant's waiver of a jury trial noted that the charge was disorderly conduct.

The trial court indicated at the commencement of each day of the court trial that the offense was disorderly conduct, but it was not until the second day of the trial that the court informed the defendant of the mandatory prison sentence under 13 V.S.A. § 1028. Prior to this time, the trial court did, in a pro forma manner, advise the defendant of his right to counsel, and each time the defendant indicated that he wished to conduct the trial pro se. During the trial, the defendant, although warned relative to his right against self-incrimination, chose to take the stand, but through ignorance, then refused to testify on cross-examination concerning his conduct. The defendant also indicated during trial that he believed that if he could not secure the presence of a witness at trial that witness could be introduced on appeal. Nevertheless, the defendant continued to represent himself during the two days of the court hearing. On March 31, 1975, the trial court found him guilty of assault on a policeman, 13 V.S.A. § 1028, and sentenced him to a minimum of thirty days and a maximum of forty days at the correctional center. From this conviction, the defendant now appeals. 13 V.S.A. § 7401; V.R.A.P. 3(a)(b).

A defendant has the constitutional right to represent himself, *Faretta* v. *California*, 95 S.Ct. 2525, 2541 (1975), and it is well settled under both the Sixth Amendment of the United States Constitution and ch. I, art. 10, of the Vermont Constitution that a defendant may proceed to defend himself without counsel provided he voluntarily and intelligently elects so to do. *Gideon* v. *Wainwright*, 372 U.S.

335, 344 (1963); *In re Huard,* 125 Vt. 189, 212 A.2d 640 (1965). The defendant claims he did not make a knowing and intelligent waiver of the right to counsel in light of the confusion by the prosecutor and the court as to the offense alleged; the lack of the defendant's understanding relative to his right against self-incrimination; lack of understanding as to procedure on appeal; and finally, the failure of the court to advise the defendant of the permissible punishments for the offense.

A knowing and intelligent waiver of counsel depends on the particular facts and circumstances surrounding the case, including the background, experience, and conduct of the accused. *Johnson* v. *Zerbst,* 304 U.S. 458 (1938); *In re Mears,* 124 Vt. 131, 198 A.2d 27 (1964). If a defendant is ignorant of the available options necessary to protect his rights and is unaware of the nature of the charges and the range of the allowable punishment at the time of his decision to represent himself, the waiver of his rights is invalid, and is not made knowingly and intelligently. *Mayer* v. *Moeykens,* 373 F.Supp. 649 (D. Vt. 1973); *Shuttle* v. *Smith,* 296 F.Supp. 1315 (D. Vt. 1969); *State* v. *Woodmansee,* 124 Vt. 387, 205 A.2d 407 (1964). Although in the case at bar the trial court attempted on several occasions to advise the defendant of his rights, there were important omissions. *Carnbey* v. *Cochran,* 369 U.S. 506 (1962). The record is clear that both the court and the prosecutor were confused as to the charge against the defendant until the second day of trial. Nor was it until this time that the range of allowable punishment was ever mentioned. Defendant was not sufficiently informed of the charge against him or possible punishments awaiting to effect a valid, knowing, and intelligent waiver of his constitutional rights.

It is also evident that defendant's Sixth Amendment right to be informed of the nature and cause of the accusations against him was violated. *Mayer* v. *Moeykens, supra,* 373 F.Supp. at 654. If the prosecution, as here, intends to ask that a greater punishment be imposed under a statute for simple assault on a police officer in lawful performance of his duties, it is necessary that the accused be clearly informed of the charge he is called to meet, and the complaint must allege

every fact affecting the degree of punishment. *State* v. *Cameron,* 126 Vt. 244, 227 A.2d 276 (1967). This was not done in the case at bar. There must be a new trial.

*Reversed and remanded.*