# State of Vermont v. Robert E. Dragon, Jr.

[376 A.2d 12]

No. 248-76

Present: Barney, C.J., Larrow, Billings and Hill, JJ., and Shangraw, C.J. (Ret.), Specially Assigned

Opinion Filed April 5, 1977

*Richard G. English,* Addison County State's Attorney, Middlebury, for Plaintiff.

*Langrock and Sperry*, Middlebury, for Defendant.

**Billings, J.** This is an appeal pursuant to V.R.A.P. 5(b)(1) from an order of the District Court of Vermont, Unit No. 2, Addison Circuit. The order granted the defendant a new trial on the basis that there was "a substantial likelihood that the verdict was arrived at through out-of-court knowledge of the defendant". V.R.Cr.P. 33.

On November 30, 1973, the defendant was charged in the District Court of Vermont, Unit No. 2, Addison Circuit with a felony of larceny of trees. 13 V.S.A. § 2502. The defendant, then represented by competent counsel, moved for and was granted a change of venue to the District Court of Vermont, Unit No. 5, Orange Circuit, in Chelsea. In November, 1975, after an appeal to this Court on an unrelated issue, the case was remanded for trial. *State* v. *Dragon*, 133 Vt. 620, 349 A.2d 720 (1975). In April, 1976, the defendant requested that he be allowed to represent himself and further requested the change of venue be waived so that trial would be held in Middlebury. The trial court granted both requests, finding that they were knowingly and intelligently made. The defendant, acting pro se, proceeded to trial which resulted in a jury verdict of guilty. A timely motion for a new trial was made, the defendant then being represented by counsel.

A defendant has the constitutional right to represent himself and may do so provided he makes a competent and intelligent choice. *Faretta* v. *California*, 422 U.S. 806, 814, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); *State* v. *Hartman*, 134 Vt. 64, 65, 349 A.2d 223 (1975). A knowing and intelligent waiver of counsel depends upon the particular facts and circumstances surrounding the case, including the background, experience, and conduct of the accused. *State* v. *Hartman, supra; Johnson* v. *Zerbst*, 304 U.S. 458, 464-65, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). His waiver must be honored, even though he might not have the skill or experience of an attorney and even though he might conduct his own defense to his detriment. *Faretta* v. *California*, 422 U.S. at 834. Once the defendant has properly exercised his constitutionally guaranteed right of self-representation, he cannot complain of deliberate tactical trial decisions made by him. *Carter* v. *Illinois*, 329 U.S. 173, 67 S.Ct. 216, 91 L.Ed. 172 (1946); *Adams* v. *United States ex rel. McCann*, 317 U.S. 269, 63 S.Ct. 236, 87 L.Ed. 268 (1942).

▬▬▬▬▬▬

Two issues must be examined in light of the defendant-appellee's exercise of his right to self-representation: first, was there prejudice on the part of the jury requiring a new trial; and secondly, does the trial record support the proper exercise of discretion by the trial court?

▬▬▬ The granting of a new trial due to prejudice on the part of the jury is a discretionary matter for the trial court. Its decision will not be reviewed by this Court unless it was based on reasons clearly untenable or to an extent clearly unreasonable. *State* v. *Watson*, 114 Vt. 543, 545-46, 49 A.2d 174 (1946). The burden of proof is on the appealing party and abuse of discretion must be affirmatively shown. *State* v. *Girouard*, 130 Vt. 575, 584, 298 A.2d 560 (1972). The ruling below benefits from every reasonable presumption in its favor. *State* v. *Morrill*, 127 Vt. 506, 508, 253 A.2d 142 (1969). The existence of out-of-court knowledge about the defendant or the alleged crime is not sufficient of itself to establish a prejudicial jury. *Irvin* v. *Dowd*, 366 U.S. 717, 722, 81 S.Ct. 1639, 6 L.Ed.2d 751 (1961). There must be a demonstrable showing of prejudice, *Beck* v. *Washington* 369 U.S. 541, 542-58, 82 S.Ct. 955, 8 L.Ed.2d 98, *reh. denied*, 370 U.S. 965 (1962), or of the existence of circumstances capable of producing prejudice and not mere speculation. *State* v. *Brisson*, 124 Vt. 211, 215, 201 A.2d 881 (1964).

The record here shows that the defendant possessed the background and experience to make the choice. Since it is the defendant, not his lawyer or the State who will bear the personal consequences of conviction, we must honor his constitutional right to conduct his own defense even if ultimately to his own detriment as long as the choice was appropriately made and there was not otherwise prejudice which as a matter of law exceeds the understanding or capability of a non-legally trained party.

In this case, it may be true that the appellee's failure (presumptively due to lack of an attorney) to stand upon his change of venue was a factor which caused his conviction. However, the one individual who should be the most aware of his reputation in Addison County and the consequences that his reputation would have upon the outcome at trial was the appellee himself. Even considering the defendant's self-representation, we cannot find as a matter of law sufficient proof of prejudice to justify the new trial as ordered.

■ In the case at bar, the trial court failed to hold an evidentiary hearing on the issue of prejudice. The State argues that the trial court reached its decision based on oral argument without affidavits or other evidentiary support and therefore its conclusions are not adequate as findings because they lack essential factual support. *State* v. *Bogie*, 125 Vt. 414, 418, 217 A.2d 51 (1966). We agree that the unsupported and speculative nature of the trial court's conclusions demonstrates an abuse of discretion.

*Reversed and remanded for entry of judgment on the verdict and sentencing.*