### State of Vermont v. Theodore J. Quintin

[460 A.2d 458]

No. 82-114

Present: **Billings, C.J., Hill, Underwood, Peck and Gibson, JJ.**

Opinion Filed April 5, 1983

*Harold E. Eaton, Jr.,* Chittenden County Chief Deputy State's Attorney, *Susan L. Fowler,* Deputy State's Attorney, and *Robert Andres,* Law Clerk (On the Brief), Burlington, for Plaintiff-Appellee.

*Edwin W. Free, Jr.,* of *Richard E. Davis Associates, Inc.,* Barre, for Defendant-Appellant.

**Underwood, J.** The defendant appeals from a conviction for driving while under the influence of intoxicating liquor (DUI).

23 V.S.A. § 1201(a)(2). He argues that the trial court committed reversible error by (1) refusing to allow him to plead to a reduced charge of careless and negligent operation of a motor vehicle (C&N), (2) denying him assistance of counsel, and (3) imposing a vindictive and excessive sentence. Because we are compelled to reverse on the second issue, we do not reach the other issues.

Briefly stated, the facts are as follows. The State initially charged the defendant with careless and negligent driving (C&N). 23 V.S.A. § 1091(a). He was scheduled to be arraigned on that charge on July 10, 1981. On that date, the presiding judge at the arraignment dismissed the charge for lack of probable cause, stating that imbibing alcohol and operating a motor vehicle did not constitute the offense of C&N.

The defendant was then issued a new citation, charging him with DUI. Arraignment was scheduled for August 14, 1981. The defendant appeared at the arraignment pro se and entered a plea of not guilty. The court found probable cause, set bail, and scheduled a jury drawing. Although the record is incomplete, the defendant apparently advised the court at this arraignment that he intended to have an attorney represent him. However, no appearance was ever entered by an attorney in his behalf.

From the date of defendant's DUI arraignment until March 3, 1982, the day the trial began, the State held out to the defendant an offer to drop the DUI charge in exchange for a plea to a C&N. The defendant believed that any time up until trial he had the option of accepting the State's offer. On the morning of the trial date, the defendant inquired of the state's attorney if the offer was still open. When the state's attorney responded in the affirmative, the defendant told him that he would plead to the C&N. The court, however, refused to accept his plea to a lesser charge. It ordered the defendant to proceed to trial forthwith on the DUI charge. Thereupon, the defendant requested a lawyer. The court denied this request.

Defendant: Don't I have a right to have a lawyer?

The Court: Sure you do.

Defendant: I'd like to have a lawyer then.

The Court: Not at this point.

Defendant: I never represented myself before and I was offered this, I was still told I could get C&N.

State's
Attorney: Your Honor, what I can . . .

The Court: I don't even care; the case is here for jury trial; we've got a jury drawn. It's more than a six month old case. At the day of the jury trial saying you want a lawyer, no, we're going to go ahead and we're not going to break the charge. So let's go.

The case then went to trial and resulted in a jury verdict of guilty. Judgment on the verdict was entered. The defendant was fined $500, and given a prison sentence of not less than 90 days, nor more than 180 days, with 30 days to serve.

Under the state and federal constitutions the defendant was entitled to counsel unless he knowingly and intelligently waived such right. *Gideon* v. *Wainwright,* 372 U.S. 335, 344 (1963); *State* v. *Hartman,* 134 Vt. 64, 65, 349 A.2d 223, 225 (1975). The right to counsel may be waived, if done intelligently and competently. *In re Mears,* 124 Vt. 131, 138, 198 A.2d 27, 32 (1964). However, when it is in derogation of an important right, as is the right to counsel, waiver will not be inferred from doubtful conduct. *In re Huard,* 125 Vt. 189, 194, 212 A.2d 640, 645 (1965). "On this point the courts indulge every reasonable presumption against waiver of fundamental constitutional rights." *Id.*

The State contends that the defendant voluntarily waived his right to counsel. We have carefully reviewed the record in this case and find no evidence to support the State's position. It is true that the defendant said in his opening statement "I'm representing myself, because I was the one that was there and I do have the funds to hire an attorney." However, he made this statement only after the court had denied his request for a lawyer a short while earlier. Therefore, the statement does not constitute a waiver.

It is also true that the defendant wrote a letter to the court, dated January 20, 1982, which stated, in part: "With this letter I request for a continuance of my case and I am

represented at this point of time pro se." The State argues that this constitutes a valid waiver of counsel. However, in order to find such a waiver the record must establish not only that the defendant waived counsel but that " 'he [knew] what he [was] doing and his choice [was] made with eyes open.' " *State* v. *Ahearn*, 137 Vt. 253, 262, 403 A.2d 696, 702 (1979) (quoting *Faretta* v. *California*, 422 U.S. 806, 835 (1975)). In the instant case, the defendant's letter to the court was written while he was under the mistaken impression that he could plead to a lesser charge of C&N at any time up until trial. Therefore, since the defendant's letter was not written with his "eyes open," it cannot constitute a knowing and voluntary waiver.

██ Furthermore, as we stated in *State* v. *Hartman,* *supra:*

> A knowing and intelligent waiver of counsel depends on the particular facts and circumstances surrounding the case, including the background, experience, and conduct of the accused. If a defendant is ignorant of the available options necessary to protect his rights and is unaware of the nature of the charges and the range of the allowable punishment at the time of his decision to represent himself, the waiver of his rights is invalid, and is not made knowingly and intelligently.

*Id.* at 66, 349 A.2d at 225. (Citations omitted.) The record in the instant case is completely void of any evidence pointing to the fact that the defendant was apprised of his right to counsel, except offhandedly by the court on the morning of trial, what his options were, or the minimum or maximum penalty should he be convicted.* There is no evidence that he was warned of the dangers and pitfalls that confront a lay person in defending himself in a criminal trial. Nor do we find any evidence that the defendant's background and experience were explored. Lacking such evidence, the defendant cannot be held to have made a knowing and intelligent waiver.

---

* A person convicted of DUI shall be fined not less than $125, nor more than $500, or imprisoned for not more than one year, or both. 23 V.S.A. § 1210(a).

We hold that the defendant was denied his constitutional right to counsel.

*Reversed.*