## In re Jerry Chapman

[581 A.2d 1041]

No. 89-013

Present: Allen, C.J., Peck, Gibson, Dooley and Morse, JJ.

Opinion Filed September 7, 1990

*Robert Andres*, Burlington, for Petitioner-Appellant.

*Terry Trono*, Washington County State's Attorney, Barre, and *Jo-Ann Gross*, Law Clerk, Department of State's Attorneys, Montpelier, for Respondent-Appellee.

**Dooley, J.** Petitioner appeals from the superior court's denial of his petition for post-conviction relief. We affirm.

Petitioner was charged with aggravated assault stemming from a severe beating of a woman in her apartment. One de-

fense asserted at trial was that petitioner suffers from a medical condition (a brain tumor) which produces unprovoked fits of violence, and that he was consequently insane at the time of the offense.

During pretrial proceedings, petitioner was represented by attorney David Kidney, and was medically evaluated and found competent to stand trial. At trial, petitioner was represented by attorney Charles Gibson, who put forth the defense of insanity, put on testimony regarding the brain tumor, and presented another expert psychiatric witness to counter the competency evaluation. Petitioner was evaluated daily at trial and again before sentencing and found competent. The jury convicted petitioner of aggravated assault on March 9, 1987, and the court requested a psychiatrist's report for use in sentencing.

Between conviction and sentencing, petitioner wrote to the trial court twice. In his first letter he stated that he wanted "immediately to get a different attorney," declaring that his appeal would be partially based on his trial counsel's ineffectiveness and incompetence. A second letter accompanied a lengthy motion to strike the pretrial report of the State's psychiatrist, who stated the opinion that petitioner was competent to stand trial and was not insane at the time of the offense. Petitioner asked to challenge the psychiatrist's report and stated that he would "do it *pro se.*" Thereafter, on May 22, 1987, attorney Gibson was allowed to withdraw as counsel for petitioner.

On May 24, 1987, attorney Robert Paolini was appointed to represent petitioner at sentencing only. Defendant requested that he be allowed to represent himself, with attorney Paolini present to assist him. Apparently, this request was granted, and the sentencing hearing went forward with petitioner appearing pro se, assisted by counsel. The sentencing transcript is not before us so we cannot determine to what extent counsel assisted at the sentencing hearing. Petitioner was sentenced on July 10, 1987 to serve a term of 13½ years to 15 years.

After sentencing, petitioner did not file an appeal of the conviction or a motion for reconsideration of the sentence in district court. Instead, six months later, in January, 1988, he filed a pro se petition for post-conviction relief in superior court in which he claimed defects in his trial, including inadequate representation by counsel at trial and at sentencing. He also moved

to proceed in forma pauperis, and on February 2, 1988 he requested appointment of another attorney, citing a conflict with the public defender. On March 7, 1988, he moved for the production of documents and witnesses in his post-conviction relief proceeding and in that motion stated, "I wish to proceed *Pro Se* with no representation." On March 15, 1988, he wrote to the district court clerk asking the clerk to send the psychiatrist's report to the superior court, and stating, "Please ignore the fact that I'm not an attorney but know I am making *pro se* pleadings and oral arguments in the PCR case." On March 17, 1988 petitioner informed the superior court that attorney Paul Clemente "has consented to assist me in preparing for a hearing on the merits," and requested the court's assistance in transferring certain medical files from attorney Gibson to attorney Clemente.

At the post-conviction relief hearing on April 4, 1988, the clerk announced, "I believe that the Plaintiff is going to be representing himself pro se, with the aid of Attorney Paul Clemente." The State requested clarification of "whether Mr. Chapman is proceeding pro se or if he's being represented by counsel." Petitioner asked, "Well, would it be all right if you entered it as like co-counsel assistant if I need it? Pro Se." The court informed him, "He would be the attorney of record, but you could conduct the examination. Only one party can do it, not both. You're entitled to if you want to do it and you can confer with your attorney." Petitioner answered, "That's how I'd like it to be, your Honor." Throughout the hearing, petitioner conducted the examination of witnesses.

On April 21 petitioner moved pro se for an expedited transcript. This motion was granted, and on April 25 he filed a lengthy pro se memorandum entitled "Closing Argument, Conclusions, Memorandum of Law." On June 23, 1988, petitioner requested substitute counsel and, on July 7, 1988 the court appointed attorney Alan Rome, whose only participation in the matter prior to the decision was to forward petitioner's pro se "Amended Final Argument" on October 12, 1988. Petitioner also sent directly to the court this pro se "Amended Final Argument," with a cover letter in which he advised the superior court clerk that "attorney of record has some type of communications problem and as such is no longer assisting me as far as I

am concerned." Attorney Rome filed the notice of appeal after the superior court denied the petition for post-conviction relief. Attorney Robert Andres was assigned to represent petitioner on appeal and has filed the brief.

In denying the motion for post-conviction relief, the superior court found that petitioner had not carried his burden of persuading the court, by a preponderance of the evidence, that the conviction was invalid or defective, and found petitioner's pretrial and trial representation to have been adequate. Petitioner does not claim on appeal that the superior court erred in its post-conviction relief decision regarding the fairness of the criminal trial or the effectiveness of counsel at his trial or sentencing. Rather, on appeal, petitioner claims only that *at the post-conviction relief proceeding* he was denied both his right to counsel and his right to appear pro se, and was incompetent to make the decision concerning self-representation.

Petitioner appears to complain both that he was denied, without a proper waiver, his right to appointed counsel and that he was denied his right to represent himself. He complains that the "co-counsel" arrangement permitted by the trial court protected neither right. In arguing their position, both parties have relied on cases which address the state of tension between two constitutional rights of defendants in criminal trials and appeals of right: the right to counsel, *Gideon v. Wainwright*, 372 U.S. 335, 344 (1963); and the right to proceed without counsel, *Faretta v. California*, 422 U.S. 806, 821 (1975). See, e.g., *State v. O'Connell*, 147 Vt. 60, 65, 510 A.2d 167, 169–70 (1986); *State v. Hartman*, 134 Vt. 64, 65, 349 A.2d 223, 225 (1975). The waiver of the one right may amount to the assertion of the other, putting the court in what one court has called the "new, and unenviable, position" of having to choose between providing counsel if defendant's attempted waiver of his constitutional right to counsel is inadequate, and granting a defendant's request for self-representation if that choice is made "'competently and intelligently.'" *United States v. Bailey*, 675 F.2d 1292, 1300 (D.C. Cir.) (quoting *Faretta v. California*, 422 U.S. at 835), *cert. denied*, 459 U.S. 853 (1982). One way for a court to handle this problem is to allow a defendant to proceed pro se with counsel present for assistance, as was done in this case. *McKaskle v. Wiggins*, 465 U.S. 168, 170 (1984).

■ ■ We do not have to address, however, whether the trial court properly handled the conflicting constitutional rights the petitioner asserts. This is a post-conviction review proceeding. There is no federal constitutional right to counsel on post-conviction review, a proceeding which is not part of the criminal proceeding itself and is considered to be civil in nature. See *Pennsylvania v. Finley*, 481 U.S. 551, 556–57 (1987). The right to counsel in such proceedings is created by statute. See 13 V.S.A. § 5232(2).

In *Finley*, the Supreme Court considered whether appointed counsel in a post-conviction review proceeding was constitutionally required to go through the procedure set forth in *Anders v. California*, 386 U.S. 738 (1967), in order to withdraw from a frivolous case.[1] The Court held that the *Anders* procedure implemented the defendant's right to appointed counsel, and, thus, applied only when the right to counsel was present. It concluded that petitioners have no constitutional right to appointed counsel in post-conviction relief proceedings. *Finley*, 481 U.S. at 557. It further held that the Constitution did not impose specific procedural requirements on a right to counsel created by state law. *Id.* The only requirement is that state procedures meet the general due process requirements of fundamental fairness. *Id.* at 556.

■ ■ We cannot distinguish this case from *Finley*. Petitioner's argument that the court failed to obtain a constitutionally valid waiver of counsel is based on the right to counsel. Thus, the constitutional standards for waiver of counsel do not apply to counsel in a post-conviction relief proceeding. See *People v. Duran*, 757 P.2d 1096, 1097 (Colo. Ct. App. 1988). We also conclude that the right to self-representation has a similar source in the United States Constitution so that the requirements of *Faretta* and its progeny do not apply in post-conviction relief proceedings. See *Faretta*, 422 U.S. at 819 (right to self-

---

[1] The *Anders* procedure was imposed for direct appeals of criminal convictions. It requires the lawyer to brief anything in the record that might arguably support the appeal and to furnish the brief to the indigent defendant so that he or she might raise any further points. Based on the briefs of the lawyer and the defendant, and the lawyer's motion to withdraw, the court then decides whether the appeal is frivolous and the lawyer can withdraw. *Anders*, 386 U.S. at 744.

representation necessarily implied in the fabric of the Sixth Amendment). Petitioner has not argued that there should be a different outcome under the Vermont Constitution.[2]

■■ We do not mean to imply that there is no regulation of waivers of the statutory right to counsel. See. *People v. Duran*, 757 P.2d at 1097 (waiver of statutory right to counsel must be "voluntary but need not be knowing and intelligent"). We find nothing in this record to suggest that petitioner did not proceed voluntarily to represent himself with the assistance of counsel. Indeed, the extensive proceedings in this and the underlying criminal case, with frequent changes of counsel, show that petitioner was clearly aware of his right to counsel and affirmatively waived it. See *State v. Ahearn*, 137 Vt. 253, 261, 403 A.2d 696, 702–03 (1979). Further, the record demonstrates that the trial court acted to protect petitioner's interests consistent with his expressed desires. If the record is incomplete, it is petitioner's burden to make the necessary showing to support his position.

*Affirmed.*

---

[2] Chapter I, Article 10 of the Vermont Constitution provides that a person has "a right to be heard by himself and his counsel" in "prosecutions for criminal offenses." Petitioner has not argued separately a right to self-representation under the Vermont Constitution. We have applied the right in criminal cases, see *State v. Hartman*, 134 Vt. at 65, 349 A.2d at 225, but have never addressed whether it might apply to post-conviction relief proceedings. We do not address the Vermont Constitution in this case.