### State of Vermont v. Robin J. DeRosa

[633 A.2d 277]

No. 92-306

Present: Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.

Opinion Filed October 8, 1993

*Jonathan Cohen*, Bennington County Deputy State's Attorney, Bennington, for Plaintiff-Appellee.

*E.M. Allen*, Defender General, and *William A. Nelson*, Appellate Attorney, Montpelier, for Defendant-Appellant.

**Johnson, J.** Defendant Robin DeRosa appeals the trial court's denial of her motion to correct a sentence imposed by the Bennington District Court in April 1991. Defendant, a needy person, claims that the imposition of a sentence of imprisonment, suspended, and probation, after she was denied assistance of counsel, violated her rights under the Sixth and Fourteenth Amendments to the United States Constitution, Chapter I, Article 10 of the Vermont Constitution, and the Vermont Public Defender Act, 13 V.S.A. §§ 5201–5277. We reverse and remand.

Defendant was arraigned on an information charging her with driving under the influence of intoxicating liquor (DUI), first offense. 23 V.S.A. § 1201(a)(2). At the time, this offense was punishable by a fine of up to $750, imprisonment up to one year, or both.[1] 23 V.S.A. § 1210(b) (1991). At the arraignment, the trial court found defendant to be a needy person, but denied her counsel on the ground that the court would not sentence her to a period of imprisonment or a fine of over $1,000. Subsequently, defendant waived counsel on the record[2] and entered a plea of nolo contendere. The court accepted her plea and sentenced her to pay a $508 fine and to serve a term of imprisonment of zero to three months, suspended, and probation until further order of the court.

In October 1991, defendant allegedly violated the terms of her probation and was brought before the court. She waived counsel and was found in violation of the conditions of her probation, but her term of probation was continued. In January 1992, defendant was arraigned on a subsequent violation of her probation; she requested and was assigned public counsel. Defendant's counsel filed a motion to strike defendant's original sentence on the ground that the court had lacked the authority to impose a suspended prison sentence and probation after denying defendant counsel. The trial court denied the motion, and defendant now appeals.

---

[1] The Legislature raised the maximum sentence to two years, effective July 1, 1991. 1991, No. 55, § 9.

[2] Although the parties have not raised the issue on appeal, we note that a waiver of counsel "made . . . only after the court ha[s] denied [defendant's] request for a lawyer a short while earlier" is not an effective waiver of the right to counsel. *State v. Quintin*, 143 Vt. 40, 43, 460 A.2d 458, 460 (1983).

We first consider defendant's argument that her sentence violated the Vermont Public Defender Act (PDA), 13 V.S.A. §§ 5201–5277. Section 5231(1) of the PDA provides, in relevant part, that "[a] needy person . . . who is charged with having committed . . . a serious crime, is entitled . . . [t]o be represented by an attorney to the same extent as a person having his own counsel." A "serious crime" includes a misdemeanor, "the maximum penalty for which is a fine of more than $1,000.00 or any period of imprisonment." 13 V.S.A. § 5201(4)(B). The statute provides an exception, however, if "the judge, at the arraignment but before the entry of a plea, determines and states on the record that *he will not sentence the defendant to* a fine of more than $1,000.00 or *a period of imprisonment* if the defendant is convicted of the misdemeanor." *Id.* (emphasis added).

In the case at bar, the trial judge denied defendant counsel pursuant to the exception in 13 V.S.A. § 5201(4)(B). Upon defendant's uncounseled guilty plea, the trial court sentenced her to a period of imprisonment from zero to three months, suspended, and placed her on probation "until further order of the Court." The issue we must decide is whether the trial court's imposition of a suspended sentence of imprisonment and probation violated the trial court's representation pursuant to 13 V.S.A. § 5201(4)(B) that it would "not sentence the defendant to . . . a period of imprisonment" if she were convicted.

The overriding objective of statutory construction is to ascertain the intent of the Legislature. *State v. Wilcox*, 160 Vt. 271, 275, 628 A.2d 924, 926 (1993). Where the meaning of a statute is plain on its face, the statute must be enforced according to its express terms. *Id.* In such cases, statutory language is to be accorded its plain, ordinary meaning, *State v. Yudichak*, 147 Vt. 418, 420, 519 A.2d 1150, 1151 (1986), because we presume the Legislature used the language advisedly. *State v. Camolli*, 156 Vt. 208, 213, 591 A.2d 53, 56 (1991).

The Public Defender Act expressly requires appointment of counsel for an indigent defendant charged with a serious crime, 13 V.S.A. § 5231(1), unless the sentencing judge determines "that he will not sentence the defendant to . . . a period of imprisonment." 13 V.S.A. § 5201(4)(B). The State argues that defendant's sentence was proper under § 5201(4)(B) because defendant was not actually imprisoned, and probation is not penal in nature.

■ Both of the State's arguments ignore the fact that the trial judge actually sentenced defendant to a period of imprisonment, albeit suspended. By its plain language, § 5201(4)(B) applies any time a defendant is sentenced to a period of imprisonment. Under Vermont law, a judge may impose probation only "[a]fter passing sentence" on a defendant and suspending all or part of that sentence. 28 V.S.A. § 205. But suspension of a sentence of imprisonment does not negate the imposition of the sentence. Moreover, when, as here, the sentence is suspended in conjunction with probation, the suspension is merely conditional. Therefore, we hold that when a trial judge denies counsel to a needy person by determining that defendant will not be sentenced to a period of imprisonment, the trial judge may not then impose on defendant a conditionally suspended sentence and probation.

Because we agree that the trial court violated the Vermont Public Defender Act, we need not reach the federal or state constitutional questions raised by defendant. It should be noted, however, that the PDA codifies an indigent criminal defendant's constitutional right to assistance of counsel, guaranteed under the Sixth and Fourteenth Amendments to the United States Constitution. *State v. Duval*, 156 Vt. 122, 124, 589 A.2d 321, 323 (1991). Our interpretation of the PDA is in accord with federal precedent defining a defendant's federal constitutional right to assistance of counsel.

In *Scott v. Illinois*, 440 U.S. 367 (1979), the United States Supreme Court held that "no indigent criminal [can] be *sentenced* to a term of imprisonment unless the State has afforded him the right to assistance of appointed counsel in his defense." *Id.* at 374 (emphasis added). Under *Scott*, a needy defendant is not constitutionally entitled to counsel where the authorized punishment for the crime charged includes the threat of imprisonment, but a sentence of imprisonment is not actually imposed. *Id.* at 373. When *Scott* drew the line at "actual imprisonment," it did so to distinguish two other possible scenarios—when defendant's sentence is a monetary fine and when defendant is charged with an offense for which imprisonment is authorized. *Id.* at 373.

Though *Scott* did not rule on whether a suspended sentence and probation without counsel violated the Sixth Amendment,

there is federal authority on the issue. In *United States v. Reilley*, 948 F.2d 648 (10th Cir. 1991), the court, relying on *Scott*, struck down a defendant's suspended prison sentence, reasoning that "the constitutional right to counsel limits not the trial itself, but rather the sentence that may be imposed. By denying [a] defendant counsel, the court effectively waives its right to sentence him to prison." *Id.* at 654. At least two other federal courts of appeal have held that where a needy defendant is denied trial counsel, imprisonment cannot be imposed upon defendant upon revocation of probation. See *United States v. Foster*, 904 F.2d 20, 21–22 (9th Cir. 1990); *United States v. Sultani*, 704 F.2d 132, 133–34 (4th Cir. 1983) (per curiam).

The trial court did not find the reasoning of the federal courts of appeal persuasive and instead followed *United States v. Nash*, 703 F. Supp. 507 (W.D. La.), *aff'd*, 886 F.2d 1312 (5th Cir. 1989). The *Nash* court imposed a sentence of imprisonment on a defendant, who was convicted on the underlying charge without the benefit of counsel, for violation of probation. *Id.* at 510. The court reasoned that *Scott*'s "actual imprisonment" line is not crossed when a court imposes a conditionally suspended prison sentence on an uncounseled defendant. *Id.* It then concluded that because Nash was being sentenced to prison for his failure to follow conditions of probation, not for the underlying charge, *Scott* was not violated. *Id.*

*Nash* is neither factually apposite nor legally persuasive. It is not factually apposite because, under Vermont law, a court's decision to revoke probation and impose the suspended sentence must be grounded "*on the basis of the original offense* and the intervening conduct of the probationer." 28 V.S.A. § 303(b) (emphasis added). It is not legally persuasive because the rationale of the right to counsel cases is to avoid the end result of incarcerating uncounseled defendants. *Argersinger v. Hamlin*, 407 U.S. 25, 36–37 (1972); see also *Duval*, 156 Vt. at 125, 589 A.2d at 323 (when denying a needy defendant counsel pursuant to 13 V.S.A. § 5201(4)(B), "the judge [makes] a conditional promise that defendant [will] not be incarcerated without benefit of assigned counsel"). If we allow a court to incarcerate a defendant on the basis of an underlying, uncounseled conviction by revoking probation, then we allow it to achieve the forbidden end result of incarcerating uncounseled defendants.

■ Because we hold that the Vermont Public Defender Act was violated, we must determine the remedy to which defendant is entitled. The PDA authorized the trial judge's decision to deny defendant counsel on the basis that he would not sentence defendant to a period of imprisonment if she were convicted; the error below was only in the sentence. The proper remedy is to strike the offending portion of defendant's sentence.

This remedy is not inconsistent with our holding in *State v. Duval, supra.* In *Duval,* after denying a needy defendant counsel upon the representation that he would not be sentenced to a period of imprisonment upon conviction, the trial judge realized, before sentencing, that incarceration might be an appropriate disposition. 156 Vt. at 123–24, 589 A.2d at 322. The judge then assigned defendant counsel and offered defendant the opportunity to withdraw his guilty plea; defendant did not withdraw his plea, and the judge sentenced him to a period of imprisonment. *Id.* at 124, 589 A.2d at 322–23. The trial judge represented to Duval that he would not be sentenced to a period of imprisonment without the benefit of assigned counsel, and the judge acted in accordance with that representation. In the case at bar, the trial judge made the same representation to defendant as was made to Duval, but did sentence her to a period of imprisonment, contrary to his representation and the PDA. An opportunity for defendant to withdraw her guilty plea and face trial after her sentence commenced would not adequately remedy the error below.

*Reversed. Defendant's sentence is vacated, except for that portion of the sentence that imposed a fine.*