**STATE of Vermont v. Carroll BILLADO**

[686 A.2d 476]

No. 95-361

October 2, 1996. Defendant appeals his unlawful mischief conviction. We affirm.

While serving as a deputy sheriff, defendant was involved in the chase of a man driving a pickup truck. Defendant and another officer eventually found the truck, which had been abandoned by the driver. Defendant was charged with and convicted of unlawful mischief for smashing the truck's front windshield and slashing its tires.

Defendant argues that he was denied the right to trial by an impartial jury when the trial court denied his motions to change venue, to quash venire, and to strike one of the jurors. Regarding the venue issue, he claims that negative pre-trial publicity created sentiment against him in the community. According to defendant, the community's ill feelings toward him were demonstrated by the length of time it took to draw a jury and by the number of negative responses provided on the jury questionnaire. Defendant has fallen far short, however, of showing that the court abused its discretion in denying his motion to change venue. See *State v. Truman*, 124 Vt. 285, 289, 204 A.2d 93, 96 (1964) (trial court's ruling on request for venue change will not be disturbed absent showing court abused its discretion). A request for a change of venue should be granted "if the court is satisfied that there exists in the county or unit where the prosecution is pending so great a prejudice against the defendant that he cannot obtain a fair and impartial trial there." V.R.Cr.P. 21(a). Negative publicity, without a showing of prejudice, is insufficient to require the trial court to change venue. See *Truman*, 124 Vt. at 289-90, 204 A.2d at 96 (newspaper articles, even though denunciatory in character, are not in themselves sufficient to require change of venue, absent evidence of actual prejudice). Here, like the news accounts in *Truman*, the articles proffered by defendant, which were published between three and seven months before the trial, merely reported facts surrounding defendant's case without pronouncing defendant's guilt or inflaming readers. Cf. *State v. Chenette*, 151 Vt. 237, 252, 560 A.2d 365, 375 (1989) (no abuse of discretion in denying motion for venue change where defendant claimed that he was notorious in community, that he had been subjected to negative press three years earlier on unrelated matters, and that there were news reports on accusations against him in his criminal case); *State v. Winters*, 136 Vt. 469, 470-71, 392 A.2d 429, 430 (1978) (proper denial of motion for change of venue where newspaper reporting on case was factually accurate for most part).

Equally unavailing is defendant's argument that he was deprived of an impartial jury because of the court's denial of his motions to quash the venire and strike a particular juror. On the morning the trial began, one of the jurors was observed entering the courtroom holding the morning newspaper. The newspaper contained a front-page story reporting that as the result of debts run up by the former sheriff, defendant's former boss, the sheriff's department was being denied further credit. Defendant expressed concern that the jury was being exposed to negative publicity regarding the sheriff with whom he had worked. The trial court refused to quash the venire or strike the juror, stating that the subject of the article was not directly related to defendant's trial; however, the court invited defendant to question the venire regarding their access to recent newspaper accounts concerning defendant. Shortly thereafter, during general voir dire, the court asked if any of the jurors had heard or read anything about the case in the past day. None of the jurors indicated that they had read anything about the trial. The juror that had brought the newspaper into the courtroom was excused for cause that same morning before the trial started when he acknowledged during general voir dire that he was familiar with the area where the pickup truck had been abandoned. Defendant has failed to show how he was prejudiced by the court's refusal to excuse the juror earlier that morning. Further, defendant has failed to demonstrate that the jury was not impartial, or that the court abused its discretion by denying his motion to quash the venire. See *State v. Dragon*, 135 Vt. 168, 170, 376 A.2d 12, 13 (1977) (existence of out-of-court knowledge about defendant or alleged crime is not sufficient of itself to establish that jury was prejudiced).

Defendant also argues that the court erred by denying his motions for acquittal and for judgment notwithstanding the verdict, and that there was insufficient evidence of guilt for the jury to determine beyond a reasonable doubt that defendant had committed the offense for which he was charged. These arguments boil down to the same contention — that the evidence of guilt was insufficient to convict defendant. Upon review of the record, we conclude that the evidence was sufficient. See *State v. Derouchie*, 140 Vt. 437, 445, 440 A.2d 146, 150 (1981) (review of sufficiency of evidence and of denial of motion for acquittal is governed by same standard: whether evidence, when viewed in light most favorable to State, is sufficient to convince reasonable trier of fact that defendant is guilty beyond reasonable doubt). The State's chief witness, the other deputy who was with defendant when they located the abandoned pickup, testified that several times while he was looking for signs of the driver's escape he heard hissing sounds like air rushing from tires, and that on a couple of those occasions he observed defendant near one of the tires. He also testified that at one point he heard a loud bang followed by the sound of glass breaking, and that he observed defendant near the front of the pickup at that time. He and another witness testified that when a third officer asked him and the defendant whether a wrecker would be needed, defendant responded that the pickup was not going anywhere. Finally, he testified that he was afraid to act against defendant, who was his superior officer, and that when he returned to the station he joked that a tree branch had knocked out the pickup's windshield. Notwithstanding defendant's claims that the officer's testimony was at times inconsistent, we conclude that the testimony was sufficient for the jury to determine beyond a reasonable doubt that defendant was guilty of the crime charged. *Id.* at 444, 440 A.2d at 149 (proper focus of judicial review should be on quality and strength of evidence, whether direct or circumstantial). For the

same reason, the court did not err in denying defendant's motion for a new trial.

*Affirmed.*