Babson v. State, No. 262-7-11 Bncv (Hayes, J., Jan. 6, 2012)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT

| SUPERIOR COURT | CIVIL DIVISION |
|---|---|
| Bennington Unit | Docket No. 262-7-11 Bncv |

| | |
|---|---|
| Barry S. Babson,<br> Petitioner<br><br>v.<br><br>State of Vermont,<br> Respondent | |

DISMISSAL ORDER

A hearing was held on January 5, 2012, on the plaintiff's motion for the appointment of counsel, filed on December 9, 2011. The petitioner appeared by telephone, Attorney Seth Lipschutz appeared for the Prisoner's Rights Office, and Deputy State's Attorney Tina Rainville appeared for the Respondent.

In the course of arguments by the two attorneys, both counsel agreed that in the petitioner's prior PCR case, Docket No. 471-12-07 Bncv, after a contested hearing, Judge Wesley issued an order denying petitioner's request for relief. His judgment order was issued on 2/23/11. Petitioner's attorney in that case filed notice of appeal from this order on 3/28/11. The appeal was dismissed by the Supreme Court as untimely on 4/22/11.

The current PCR petition is based on the petitioner's claim that his attorney in the first PCR provided ineffective assistance of counsel in connection with that petition by filing his notice of appeal out of time. The State argued at the hearing on petitioner's request for counsel that the petitioner should have appointed counsel in this case, in

order to investigate the causes of his prior counsel's error, and to help petitioner in seeking relief from that error. Attorney Lipschutz argued that there is no constitutional right to counsel in a PCR proceeding, and that there cannot therefore be any valid claim of ineffective assistance of counsel in a PCR proceeding. He agreed that prior counsel erred, and that the petitioner was prejudiced by that error, in that he was denied any opportunity to appeal from the denial of his PCR petition in 471-12-07 Bncv. He advised the court that he and his office would attempt to assist the petitioner in seeking relief in that docket, perhaps under V.R.C.P. 60(b), in order to try to reinstate the petitioner's right to appeal from that decision. He argued, however, that in this new case, the petitioner's PCR petition did not state a valid legal claim, and that petitioner was therefore not entitled to counsel.

The petitioner did not disagree with any of the factual allegations made by the two attorneys who appeared in court. He also agreed that the basis for this petition is that his prior PCR attorney erred and provided ineffective assistance of counsel by filing his notice of appeal too late, thus denying the petitioner the right to appeal the denial of his prior PCR petition.

The court stated on the record that because of these stipulated facts, the court believed that it could rule as a matter of law not only on the petitioner's request for counsel, but on the petition itself, and outlined the terms of the likely ruling, which are set forth below. Neither counsel nor the petitioner objected to this approach.

The court concludes that the stipulated facts demonstrate that petitioner's prior PCR counsel's failure to file a timely notice of appeal in fact would amount to per se

2

ineffective assistance of counsel, if the petitioner had a right to make such a claim.   The failure to file a timely notice of appeal is the kind of error that demonstrates a "lack of care . . . so apparent that only common knowledge and experience are needed to comprehend it." *In re Grega*, 2003 VT 77, ¶ 16, 175 Vt. 631 (citations omitted). However, as Attorney Lipschutz argued in this case, there is no constitutional right to counsel in a PCR case.   A post-conviction relief proceeding is civil and statutory in nature, and the constitutional protections for defendants in criminal proceedings do not apply here.  See: *In re Bailey*, 2009 VT 122, ¶ 9, 187 Vt. 176, 182; *In re Chapman*, 155 Vt. 163, 167 (1990).  "The only requirement is that state procedures meet the general due process requirements of fundamental fairness." *Chapman*, 155 Vt. 167.  The court concludes that this subsequent PCR petition must be denied, therefore, for failure to state a claim upon which relief can be granted.  It is so ordered.  This case is dismissed. The court expresses no view on whether relief may be available in the other, now closed, PCR docket.

   Dated at Bennington, this 6th day of January, 2012.

                _____

                Katherine A. Hayes
                Superior Judge